IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Collectanea J. Limited, | ) | |
| a Hong Kong Limited Corporation | ) | Case: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Mag. Judge: |
| | ) | |
| The Partnerships And | ) | |
| Unincorporated Associations | ) | |
| Identified On Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Collectanea J. Limited, a Hong Kong Limited Corporation (hereinafter, "Plaintiff" or "Collectanea"), hereby brings the present action against The Partnerships And Unincorporated Associations Identified on Schedule "A" attached hereto, (collectively, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to provisions of 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331 and the Federal Copyright Act, 17 U.S.C. § 101, et seq.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial internet stores operating under the Defendant Names/

Aliases in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants reach out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can and, on information and belief, have purchased products bearing infringing versions of Plaintiff's federally registered copyright registrations.

3. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products that infringe Plaintiff's federally registered intellectual property. As a result, each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**INTRODUCTION**

5. This action has been filed by Plaintiff to combat online e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's federally registered copyright.

6. On May 22, 2023, Plaintiff registered four hundred and ninety (490) product photographs depicting beaded jewelry (hereinafter referred to as the "Beadnova Works") with the United States Copyright Office and received Registration No. VA 2-348-115. A true and correct copy of the federal registration record for the Beadnova Works, with relevant samples, is

attached hereto as Exhibit One. The Registration is valid, subsisting, and in full force and effect. Examples of Plaintiff's tasteful, original, and creative registration are provided below:

 File:	GEM-0001-0106-8

 File: GEM-0001-01014-6



File: GEM-0001-0106-2

7. The Defendant Internet Stores include in their offers for sale and sale listings either identical or substantially similar images as the images registered in the Beadnova Works. This falsely implies to consumers that there is an association between the Defendants' products and Plaintiff's products.

8. In their offers for sale and displays, the Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

9. Plaintiff is forced to file this action to combat Defendants' copyright infringement and to protect unknowing consumers.

10. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable registered copyright. In addition, Plaintiff has been irreparably damaged by the loss of exclusivity of its registered copyright as a result of Defendants' actions. As a result of these injuries, Plaintiff seeks injunctive and monetary relief.

11. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts business in the United States, in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit were undertaken in Illinois and in this Judicial District. In addition, each defendant has offered to sell and ship and, on information and belief, has sold and shipped, infringing products into this Judicial District.

## THE PLAINTIFF

12. Plaintiff Collectanea J. Limited, is a Hong Kong Limited Corporation having its principal place of business at Flat/Rm 13 02/F, New City Centre, 2 Lei Yue Mun Road, Kwun Tong, Hong Kong.

13. This action has been filed by Plaintiff to combat online e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's federally registered copyright.

14. Plaintiff utilizes the registered "Beadnova Works" in connection with the advertisement, marketing and sale of retail items, including products sold under Plaintiff's Trademark BEADNOVA, assigned Registration No. 4663497 ("Beadnova Products" hereinafter), for goods in class 14. The Beadnova Works are utilized to sell Beadnova products through the Amazon, Aliexpress, and Wish platforms, as well as through authorized licensees. Beadnova products have been widely promoted, both in the United States and throughout the world.

15. While Plaintiff enjoys exclusivity of select authorized retailers, sales of Plaintiff's Beadnova products represent the majority of Plaintiff's business.

16. Plaintiff has been using the Beadnova Works since on or around August 22, 2017.

17. Plaintiff controls the content, designs, and images displayed in the Beadnova Works.

18. The Beadnova Works have not been assigned or licensed to any of the Defendants in this matter.

19. Plaintiff's Beadnova Works are symbols of Plaintiff's quality, reputation and goodwill and have never been abandoned.

20. Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Beadnova Works.

21. Each image contained in the Beadnova Works has independent economic value and has generated revenue in relation to the retail items and marketing value depicted therein.

## THE DEFENDANTS

22. Plaintiff is currently unaware of the identity and/or location of Defendants. However, on information and belief, Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores identified in Schedule A.

23. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell infringing products ("Infringing Products") to consumers within the United States, including Illinois and in this Judicial District utilizing the Beadnova Works.

24. Each Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use Plaintiff's Beadnova Works in connection

with advertisement, distribution and offering for sale of the products depicted therein without Plaintiff's consent or authorization.

25. Each of the Defendants' online stores offers shipping to the United States, including Illinois and each Defendant has offered to sell retail items into Illinois and this judicial district utilizing infringing copies of Plaintiff's Beadnova Works.

26. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores including, and possibly not limited to, those listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

27. This lack of precise information notwithstanding, it is well established that e-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* Exhibit Two, Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id.*

28. Further, third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Exhibit Three, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also*

report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as Exhibit Four. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *See* Exhibit Four at 39.

29. On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading and/or incomplete information to Internet based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Defendant Internet Stores to prevent discovery of their true identities and the scope of their infringement network.

30. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling the Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their infringement operation, and to avoid being shut down.

31. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating as the Defendant Internet Stores often share unique identifiers, such as templates with common design elements. E-commerce stores operating as the Defendant Internet Stores, or other currently unknown aliases, include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, the offers for sale and

advertisements by the Defendant Internet Stores bear similar irregularities and indicia of being related to one another, suggesting that the Defendants are interrelated.

32. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

33. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

34. On information and belief, Defendants, without any authorization or license from Plaintiff, knowingly and willfully used and continue to use the Beadnova Works in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products with the display of Beadnova Works in the United States and Illinois over the Internet.

35. In sum, Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Stores that have the appearance of being fabricated. Even if a company name appears to be legitimate, review of the Defendant Internet Stores reveals vague or non-existent company descriptions and descriptions of company purpose.

36. Defendants' unauthorized advertising, marketing, offering for sale products displaying of the Beadnova Works, throughout the United States, including Illinois, is irreparably harming Plaintiff.

## DEFENDANTS' UNLAWFUL CONDUCT

37. The success of Plaintiff's Beadnova Works have resulted in infringement of the Beadnova Works. Plaintiff has identified numerous domain names linked to marketplace listings on certain platforms including the Defendant Internet Stores, which were offering for sale, display, advertise and market utilizing the Beadnova copyrighted images without permission. These listings are displayed in the Northern District of Illinois and Defendants offer to ship their products displayed in the infringing images to the Northern District of Illinois.

38. Plaintiff's success in utilizing the Beadnova Works to market and promote sales of the retail items depicted therein has resulted in widespread infringement. Plaintiff has identified numerous domain names linked to marketplace listings on at least the DHGate platform which was offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive copyright.

39. Upon information and belief, Defendants facilitate sales by utilizing the Beadnova imagery and the Beadnova Works to give the impression that the Defendant is associated with or authorized by Plaintiff. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards and PayPal. Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers.

40. Plaintiff has not licensed or authorized Defendants to use its Beadnova Works and none of the Defendants are authorized to display the Beadnova Works.

41. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, to avoid detection, Defendants register Defendant Internet Stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their infringing operation, and to avoid being shut down.

42. There are also similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts. In addition, the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that Defendants are interrelated. For example, some Defendants have the same location in China or the same products for sale.

43. Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.

44. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and vendor accounts such as PayPal accounts behind layers of payment

gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, the foreign Defendants maintain off-shore bank accounts and regularly move funds from their payment accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of payment transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

45. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Beadnova Works in connection with the advertisement, distribution, offering for sale, and display through the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois.

46. Defendants' use of the Beadnova Works in connection with the advertising, distribution, offering for sale, display and marketing within Illinois is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## INFRINGEMENT OF COPYRIGHT
## (17 U.S.C §101 ET SEQ.)

47. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyright at issue in this action.

49. Pursuant to 17 U.S.C. § 411 (a), Plaintiff registered its copyright for advertising and marketing photographs, the Beadnova Works. The registrations for the Beadnova Works are valid, subsisting, unrevoked and uncancelled.

50. Defendants directly infringed one or more of Plaintiff's exclusive rights in its federally registered Beadnova Works under 17 U.S.C. § 106.

51. Defendants copied, displayed, and distributed Plaintiff's copyright protected Beadnova Works and/or prepared derivative works based upon Plaintiff's copyright protected Beadnova Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

52. Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's copyright protected Beadnova Works.

53. Defendants profited from the direct infringement of the exclusive rights of Plaintiff in the Beadnova Works at issue in this case under the Copyright Act.

54. Defendants' infringement is not limited to the copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

55. On information and belief, there is a business practice of infringement by Defendants.

56. On information and belief, defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

57. Plaintiff has been damaged by the Defendants' acts of copyright infringement.

58. The harm to Plaintiff is irreparable.

59. Plaintiff is entitled to temporary, preliminary and permanent injunctive relief from Defendants' willful infringement.

60. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual and/or statutory damages, including any profits obtained by Defendants attributable to the infringements, pursuant to 17 U.S.C. §504 for Defendants' infringement of the Beadnova Works.

61. Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in prosecuting this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Beadnova Works in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product in connection with the Beadnova Works;

   b. using Plaintiff's Beadnova Works in marketing, advertising, soliciting, or display, derivative or directly, which is not directly authorized by Plaintiff;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Works and damaging Plaintiff's goodwill;

   e. operating and/or hosting webpages which are involved with the distribution,

marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to DHGate, credit cards, banks, merchant account providers, third party processors and other payment processing service providers and payment processing platforms, including but not limited to Paypal and Payoneer (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Beadnova Works;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using without authorization the Beadnova Works;

    c. disable and cease providing services to engage in the advertisements using the Beadnova Works or derivative works thereof;

    d. take all steps necessary to prevent links from Defendants' Internet Stores from displaying in search results;

3) For Judgment in favor of Plaintiff against Defendants that they have:

    a. willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501;

    b. otherwise injured the business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

    c. That Defendants account for all profits and damages resulting from Defendants'

copyright infringement, or statutory damages, at Plaintiff's election, for all infringements involved in the action, with respect to any one work, for which any one defendant is liable individually, or for which defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2);

d. That Plaintiff be awarded its reasonable attorneys' fees and costs as available under 17 U.S.C. § 505, and other applicable law;

4) Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

5) Entry of an award of prejudgment interest on the judgment amount;

6) Award any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 2nd of May.

/s/ Lydia Pittaway
Bar No. 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: lpittaway@fordbanister.com
*Attorney for Plaintiff*