IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Collectanea J. Limited, | ) | |
| | ) | Case: 25-cv-04839 |
| | ) | |
| Plaintiff, | ) | Judge: Charles P. Kocoras |
| | ) | |
| v. | ) | Mag. Judge: Maria Valdez |
| | ) | |
| The Partnerships And | ) | |
| Unincorporated Associations | ) | |
| Identified On Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND THE TEMPORARY RESTRAINING ORDER ENTERED MAY 30, 2025 [D.E. 17]**

Plaintiff Collectanea J. Limited Ltd. ("Plaintiff" or "Collectanea") seeks to extend the Temporary Restraining Order granted and entered by the Court on May 30, 2025 [D.E. 17] by a period of fourteen (14) additional days to June 27, 2025. In support of its request, Plaintiff states as follows:

1. On May 28, 2025, Plaintiff moved *ex parte* and under seal for a Temporary Restraining Order Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery. [D.E. 14].

2. The Court granted Plaintiff's motion on May 30, 2025. [D.E. 17].

3. Following entry of the sealed TRO, Plaintiff served the related e-commerce platform utilized by Defendants. However, at the time of this filing, not all the platforms have confirmed implementation of the TRO, nor provided complete discovery as to all the Defendants.

4. Because the platforms have not yet confirmed the service addresses for all the Defendants, Plaintiff has not yet been able to complete service on Defendants as authorized by the sealed TRO. *Id*. Were Plaintiff to obtain a summons and serve Defendants prior to implementation of the sealed TRO, the purpose of the sealed TRO, and the maintenance of Plaintiff's remedy of an accounting of Defendants' profits, would be defeated. Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including ecommerce platform payment accounts, to offshore accounts.

5. Based on the aforementioned reasons, Plaintiff has good cause to believe that it will not be able to accomplish the purposes of the TRO by its expiration in time to serve each Defendant with time for Defendants to respond, or be prepared to proceed with a preliminary injunction prior to the expiration of the TRO.

6. Plaintiff has not previously moved to extend the sealed TRO.

7. The instant motion is not brought for purposes of harassment or delay.

8. Pursuant to Federal Rule of Civil Procedure 65 (Rule 65), a TRO can be entered for 14 days and can be extended for good cause for an additional 14 days. Fed. R. Civ. P. 65. In *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827 (7th Cir. 2012), the Seventh Circuit stated that "the language of Rule 65(b)(2) and the great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party, regardless of whether the TRO was issued with or without notice." *Id.* at 844. If the injunctive relief granted in the TRO continues beyond the 28 day period provided in Rule 65, the TRO automatically becomes an appealable entry of such a preliminary injunction." *Id.* at 844-45.

9. "Where a plaintiff is unable to promptly serve a foreign defendant because the only proper means of serving defendants available to Plaintiff cannot be completed within the usual deadlines, a court may extend the TRO until proper service can be completed." *Samsung Elec. Co. v. Early Bird Savings*, CASE NO. 13-CV-3105-BEN (DHB) at * 3 (S.D. Cal., January 27, 2014). The District Court succinctly summed up the issues inherent in deciding to extend a TRO order:

> Given the length of time that it can take to serve a foreign defendant, placing a 28-day maximum on the TRO in these circumstances would effectively defeat injunctive relief because Defendants could simply wait for the TRO to dissolve. This does not appear to be the result intended by the Federal Rules of Civil Procedure. Furthermore, if a TRO could not be extended in this narrow situation, it would reward defendants who are able to evade proper service and undermine the authority of the courts. Dissolution of the TRO is particularly improper here, where the dissolution would defeat the purposes of the Order. Defendants would be able to remove their assets from this jurisdiction and prevent this Court from awarding equitable relief. Samsung has demonstrated that the likelihood of such actions by Defendants is substantial enough to justify this Court's continuing order to freeze assets.

*Id*. at 3-4 (internal citation omitted).

10. Plaintiff does not anticipate the need for an additional extension of time and will promptly serve Defendants and move for a preliminary injunction following confirmation from the entities that the sealed TRO has been fully implemented.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That the sealed TRO be extended by a period of fourteen (14) days until June 27, 2025;

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 9th day of June, 2025.

Lydia Pittaway
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
Attorney for Plaintiff
