UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Case No.: 1:25-cv-04839

COLLECTANEA J. LIMITED,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants,

_____/

## NON-PARTY EBAY INC.'S MOTION FOR RELIEF FROM, OR TO MODIFY, THE PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW

Non-party eBay Inc. ("eBay") hereby files its Motion for Relief From, or to Modify, the Preliminary Injunction (the "PI") (ECF 40) and respectfully requests that the Court grant relief from the PI imposed on eBay and the fifty eBay defendants referenced herein (the "eBay Sellers")[1] because (1) Collectanea J. Limited ("Plaintiff") did not demonstrate entitlement to a preliminary injunction and (2) the blanket freeze of the eBay Sellers' accounts is unduly onerous and vastly disproportionate to Plaintiff's alleged harm.

---

[1] Plaintiff sued 167 eBay defendants, but this Motion only pertains to fifty of those defendants. The fifty defendants at issue are identified as follows and are referred to herein as the eBay Sellers: ar554542; elanas-81; faun-rya; happita-0; khair-rafiu; manja_191; minimonimarket; nifay89; otimurles0; rafar4349; ratam6614; se_9885; za-1038; fadlonshop; feller-shop; flaviov_63; g2c.100; laris.lev3; manle9301; stopbuy2021; yanwine007; primesppot56; 2bfairshop; globalfindshub-7; spikstore; 040817a; 0verstock; bixlife; bju122901; calibrecoleccion; ecommsupply; escape2earth_5; felmit7; friendlyseller97; hollowpark; hypestore132; justrav2204; kaka-9588; lees_flipsandsteals; life_neccessories; mercados_dbn; modem-46; nelagarments; resale_team; sell_tek; skylinedrift89; stylzandkicks; superbseller2013; vender_mejores_productos; and zygsdiscountwarehouse. Plaintiff filed a Notice of Voluntary Dismissal of superbseller2013. (Doc. 57).

# INTRODUCTION

At the outset, eBay wishes to emphasize that it does not want infringing items on its platform and works hard to help rights holders combat such activity. eBay has expended significant resources on its Verified Rights Owner Program ("VeRO"), a system that courts have described as a "robust" tool to help rights holders get offending listings removed. *See, e.g., Rosen v. eBay, Inc.*, 2015 WL 1600081, at *9 (C.D. Cal. Jan. 16, 2015) (granting summary judgment in eBay's favor after noting "other courts' recognition of eBay's robust implementation of its notice and takedown procedures"). And eBay regularly complies with restraining orders like the one entered in this case and cooperates in good faith with plaintiffs.

Occasionally, however, eBay receives an order where it appears that there are significant issues with the apparent nationality of the sellers, the lack of harm to Plaintiff, delay by Plaintiff in asserting its rights, and number of sales by the accused sellers. Such is the case here. Accordingly, eBay files the instant Motion to bring these matters to the Court's attention. Under these circumstances, eBay should be relieved from the PI and the PI should be modified as to the eBay Sellers.

eBay, in accordance with the PI (ECF 40, ¶ 8), respectfully requests that the Court modify the PI and release eBay and the eBay Sellers from the mandates of the PI. Alternatively, and at a minimum, the Court should release eBay from the blanket asset freeze mandates of the PI as it pertains to the United States-based eBay Sellers.

# MEMORANDUM OF LAW

### I.  eBay has the right to seek the relief sought herein.

The law contains a fundamental requirement that any person bound by a court order has the right to his own day in court, with the opportunity to contest the validity of the order. *G. & C.*

*Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F. 2d 29, 37 (1st Cir. 1980) ("The central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction. Absent an opportunity to contest liability, his knowledge of the injunction is not sufficient to bind him as an individual.").

Applying these principles, the Seventh Circuit allows third parties who have not been named in the suit that are required to act pursuant to an injunction to challenge the injunction. *See Blockowicz v. Williams*, 630 F. 3d 563, 566 (7th Cir. 2010). Indeed, "[t]he Seventh Circuit has held that the defendant named in the complaint must be 'the sole addressee of the injunction,' unless and until a third party 'has been served with process and offered the opportunity to say whether it agrees' that is bound to the injunction under Rule 65(d)." *See Eicher Motors Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-CV-2458, 2022 WL 3081869, at *2 (N.D. Ill. Aug. 3, 2022) (quoting *Lake Shore Asset Mgmt. Ltd. v. CFTC*, 511 F. 3d 762, 766–67 (7th Cir. 2007)); *see also Pow! Entm't, LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified On Schedule A Hereto*, No. 20-CV-1324, 2020 WL 5076715, at *2 (N.D. Ill. Aug. 26, 2020) ("Supreme Court law as interpreted by the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard.").

In that vein, courts in this District allow third parties in "Schedule A" proceedings to oppose injunctive relief. *See Eicher Motors Ltd.*, 2022 WL 3081869, at *2 (allowing Amazon to object to a motion for temporary restraining order that required Amazon to freeze the funds in a defendant's Amazon seller accounts); *see also Lake Shore Asset Management Ltd.*, 511 F. 3d at 767 (holding that the threshold question "whether a particular person or firm is among the 'parties'

officers, agents, servants, employees, and attorneys; [or] other persons in active concert or participation with' them (see Fed. R. Civ. P. 65(d)(2)(B), (C)) is a decision that may be made only after the person in question is given notice and an opportunity to be heard").

The PI imposes duties on eBay, specifically the requirement that it freeze all funds in the eBay Sellers' accounts. eBay has not had an opportunity to be heard regarding the propriety of that component of the injunction as required by Seventh Circuit precedent. Therefore, eBay has standing to contest the PI in regard to the duties it imposes on eBay, which would include the requirement that eBay freeze the funds in the eBay Sellers' accounts.

## II.     Plaintiff did not meet its burden to obtain a PI.

To obtain a preliminary injunction, Plaintiff must show that "(1) [it] will suffer irreparable harm before the final resolution of [its] claims; (2) available remedies at law are inadequate; and (3) [it] has a likelihood of success on the merits." *Knox v. Shearing*, 637 Fed. Appx. 226, 228 (7th Cir. 2016). "If the moving party makes this showing," then the court must "weigh[] the competing harms to the parties if an injunction is granted or denied," "consider[] the public interest, and employ a sliding scale analysis." *See id*. (citation omitted). Further, "[a] preliminary injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is cautiously viewed and sparingly issued." *Id*.

### A.     Plaintiff will not suffer irreparable harm if the PI is dissolved or reformed.

An injunction is a forward-looking remedy. *See United States v. Or. State Med. Soc.*, 343 U.S. 326, 333 (1952) (holding that "[t]he sole function of an . . . injunction is to forestall future violations," not to remedy "those past."). Thus, a plaintiff must show that he will suffer irreparable harm in the future as a result of an imminent or ongoing violation, absent the relief requested. *See*

*Swanigan v. City of Chi.*, 881 F.3d 577, 583 & n.2 (7th. Cir. 2018). Plaintiff has not met this burden for three reasons.

First, Plaintiff did not even attempt to argue in its Motion for Temporary Restraining Order or Motion for Preliminary Injunction that the eBay Sellers *specifically* pose a risk of future irreparable harm. Instead, in the type of blunderbuss-style briefing reserved only for a case involving over 250 defendants,[2] Plaintiff offered generally applicable statements of the law regarding irreparable harm in the context of intellectual property with no analysis as to the particulars of each defendant. Put bluntly, Plaintiff failed to make any showing that the eBay Sellers *specifically* pose a risk of irreparable harm to Plaintiff that necessitates a wholesale blanket freeze on the eBay Sellers' entire accounts.

Second, more than half of the eBay Sellers have never sold an accused product. *See* Exhibit A, Lindsley Decl., ¶ 7. Additionally, eBay is unaware of any indication that any of the eBay Sellers intend to sell the accused products again, as the vast majority of the listings at issue ended in 2022 and 2023 (before the copyright at issue was registered on May 22, 2023). *Id.*, ¶¶ 7-8 There is thus no basis on which to conclude that irreparable harm could occur. Indeed, of the fifty eBay Sellers at issue, twenty-one of them had the listings at issue end in 2022, twenty-five of them had the listings at issue end in 2023, and four of them had the listings at issue end in 2024. *Id*. What's

---

[2] Courts in this district have noted that the joinder of many defendants based solely on their allegedly having infringed the same patent is improper. *See Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (internal citations omitted) ("[T]ime and again the courts of this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements. That makes sense: one defendant's alleged infringement does not "arise out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement. When defendants are not connected to one another, there is no evidentiary overlap in proving what one defendant did and what another did. Or, when viewed from the defense perspective, there is nothing that one defendant could advance in defending a case that would be dependent on an unrelated codefendant. So a blunderbuss theory of joinder would require each trademark-infringement defendant to monitor the docket and the filings pertaining to dozens or hundreds of co-defendants.")

more, there is no explanation for why these eBay Sellers were not included in the prior two lawsuits on Plaintiff's trademark and copyright registrations. The 24-cv-3821 case involved the Beadnova Copyright Registration No. VA0002348112 and VA0002348115 and the 24-cv-7080 case involved the Beadnova Trademark (Reg. No. 4,663,497) and Plaintiff's Beadnova Copyrights (Registration No. VA0002348112 and VA0002348115). The accused listings were available to Plaintiff at that time.

Critically, it appears that the evidence Plaintiff captured for the majority of the eBay Sellers was captured in 2022 and 2023 (ECF 10). Therefore, there is no threat of irreparable harm to Plaintiff given that these listings ended years ago—and Plaintiff knew about them years ago. Plaintiff's delay in asserting its rights was unreasonable and evidences its lack of irreparable harm.

In fact, this Plaintiff (and Plaintiff's counsel) had a Preliminary Injunction dissolved in a prior case in this District for the same problem. *Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 C 3821, 2024 WL 4604532, at *8 (N.D. Ill. Oct. 29, 2024) (dissolving preliminary injunction because there was no irreparable harm). There, the delay was eleven months.

Here, the delay is much longer. Plaintiff knows better, but still chose to seek a Preliminary Injunction, perhaps hoping that no one would object. The delay is inexcusable and warrants modification of the Preliminary Injunction. *See also Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 955 (N.D. Ill. 2018); (eighteen-month delay in seeking relief defeated claim of irreparable harm, noting that "[s]everal courts of appeals have affirmed denials (or reversed grants) of preliminary injunctions because of much shorter delays in filing suit" and that "[t]he longest such delay ever permitted by the Seventh Circuit appear[ed] to be nine months" (collecting cases)); *Ixmation, Inc. v. Switch Bulb Co.*, No. 14 C 6993, 2014 WL 5420273, at *7–8

(N.D. Ill. Oct. 23, 2014) (four-and-a-half month delay precluded finding of irreparable harm); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441 (E.D.N.Y. 2013) (five-month delay in seeking preliminary injunction after filing suit indicated that the plaintiff faced no threat of irreparable harm because it "undermine[d] the sense of urgency that typically accompanies a motion for preliminary injunction"); *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (holding, in a trademark case, that "[d]elay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered"); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial...."); *J. Thomas McCarthy, 6 McCarthy on Trademarks & Unfair Competition* § 31:32 (5th ed.) ("It has often been held that unreasonable delay in filing suit and/or in moving for a preliminary injunction can contribute to a defeat of a motion for preliminary injunction ... for the reason that delay negates the moving party's ability to show the kind of 'irreparable injury' needed for preliminary relief.").

The law in this circuit is clear, Plaintiff's years-long delay in asserting its rights precludes it from claiming irreparable harm because of the eBay Sellers' purported conduct.

Third, as to the eBay Sellers based in the United States,[3] Plaintiff's fear that the eBay Sellers will transfer funds to overseas accounts in order to avoid a judgment is completely

---

[3] Contrary to Plaintiff's briefing and declarations, there are twenty-five such eBay Sellers: 040817a; 0verstock; bixlife; bju122901; calibrecoleccion; ecommsupply; escape2earth_5; felmit7; friendlyseller97; hollowpark; hypestore132; justrav2204; kaka-9588; lees_flipsandsteals; life_neccessories; mercados_dbn; modem-46; nelagarments; resale_team; sell_tek; skylinedrift89; stylzandkicks; superbseller2013; vender_mejores_productos; and zygsdiscountwarehouse. *See* Lindsley Decl., ¶ 14. Many of these eBay Sellers have businesses registered with their respective secretaries of state—outside of Illinois. *Id.* It is questionable whether the Court even has jurisdiction over many of these United States' based eBay Sellers.

unfounded. This, combined with the fact that all of the potentially infringing listings have ended, makes it impossible for the U.S.-based eBay Sellers to harm Plaintiff.

Plaintiff's failure to demonstrate that the freezing of the eBay Sellers' accounts is necessary to prevent irreparable harm to Plaintiff is fatal to the preliminary injunction because irreparable harm is a threshold requirement to any preliminary injunction. *Valencia v. City of Springfield, Illinois*, 883 F. 3d 959, 965 (7th Cir. 2018) ("To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements. It must show that: (1) absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims[.]") (citation omitted).

### B. eBay and the eBay Sellers will suffer irreparable harm if the Motion for Preliminary Injunction is granted.

The blanket asset freeze, on the other hand, will cause irreparable injury to the eBay Sellers and eBay. These injuries outweigh the potential harm to Plaintiff of denying the continuation of the blanket freeze, especially because eBay does not oppose enjoining the eBay Sellers from selling infringing products. Plaintiff has already succeeded in restraining the eBay Sellers from selling any infringing products.

The PI requires eBay to "restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court." (ECF 40, ¶ 5(b)). In other words, the PI requires eBay to freeze the funds in the eBay Sellers' accounts **in their entirety** (regardless of where those funds came from) and thereby shut down their businesses for an indefinite length of time.

It is well-established that damage to the competitive position of a business, including loss of market share, is an irreparable harm. *See, e.g., Abbott Labs. v. Mead Johnson & Co.*, 971 F. 2d 6, 17 (7th Cir. 1992) (noting that quantifying "loss of market share" is a "practical impossibility"

8

which renders the harm irreparable). So is loss of goodwill and damage to customer relationships. *Life Spine, Inc. v. Aegis Spine, Inc*., 8 F. 4th 531, 546 (7th Cir. 2021) (noting that "it is well established that the loss of goodwill and reputation, if proven, can constitute irreparable harm"); *Celsis in Vitro, Inc. v. CellzDirect, Inc*., 664 F. 3d 922, 930 (Fed. Cir. 2012) (recognizing that "loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm"). And courts have recognized specifically that freezing all funds in accounts maintained by an accused infringer who also sells non-infringing products is a disproportionate burden. *E-Link Tech. Co., Ltd. v. Shenzhen Uni-Sun Elecs. Co., Ltd*., 20 C 00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) ("restraining all funds received by the Amazon accounts, in light of the relatively small proportion due to the allegedly infringing sales, is disproportionately onerous").

The eBay Sellers run businesses selling more than just the allegedly infringing products. Collectively, they have created 2,750,924 listings on eBay marketplaces around the world. Lindsley Decl. ¶ 9. For example, eBay Seller "bixlife" has created 427,041 listings on eBay. *Id*., ¶ 10. One of those 427,041 listings was an accused product, the listing ended in July 2022, and the item was never sold. *Id*. Another example is eBay Seller "0verstock" which has created 341,118 listings on eBay. *Id*., ¶ 11. One of those 341,118 listings, which ended in November 2022, was an accused product that never sold. *Id*. These are just examples, many of the eBay Sellers are similarly situated. *Id*., ¶ 12.

If the PI remains in effect, the eBay Sellers will be unable to order inventory, process refunds, ship orders, or make investments in their businesses. As such, they will suffer loss of market share, loss of goodwill, and damage to customer relationships. Under these circumstances,

freezing the eBay Sellers' accounts is unwarranted, unjust, and will cause irreparable harm to the eBay Sellers.

The PI risks causing irreparable harm to eBay as well. The eBay Sellers may blame eBay for freezing their accounts. This damages eBay's relationship with these businesses. The account freezes may also lead the eBay Sellers to believe that eBay's platform is not a reliable place to do business and seek other partners instead. The loss of sellers—whether because businesses are forced to close their doors or because businesses conclude that the risk of an abrupt account freeze with no process means that eBay's platform is not a desirable place to do business—makes eBay's marketplace a less attractive place for customers to shop and sellers to sell.

### C. The public interest and balance of harms weigh in eBay's and the eBay Sellers' favors.

The public interest factor focuses on the harm to "non-parties" if the injunction is granted. *Ty, Inc.*, 237 F. 3d at 895. As discussed above, eBay may suffer significant harms if the PI remains in effect. Moreover, consumers will needlessly suffer the harms of less options for products and less competition while the eBay Sellers are unable to operate their stores. On the other hand, while the protection of intellectual property rights is a matter of public interest, the prohibition on selling infringing products alleviates any future danger to Plaintiff's intellectual property rights.

Lastly, to the extent that Plaintiff has shown any chance of irreparable harm, the balance of the harms weighs heavily in eBay's and the eBay Sellers' favors. On one side of the ledger, Plaintiff could suffer a *de minimis* harm in the form of difficulty collecting its negligible equitable damages from each eBay Seller (many of which had zero sales of the accused items). On the other side of the ledger, eBay risks losing its customers (the eBay Sellers) due to the blanket asset freeze. And the eBay Sellers' entire businesses are effectively shut down while this case winds toward its

conclusion. The harms facing eBay and the eBay Sellers if the PI remains in effect greatly outweigh those facing Plaintiff if the PI is reformed.

  **D.**  **At most, eBay should only be required to freeze some, but not all, of the eBay Sellers' funds.**

In the pre-judgment context, a court can only freeze assets that are necessary to ensure future equitable relief. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) (holding that a district court has "no authority to issue a preliminary injunction preventing [a defendant] from disposing of their assets pending adjudication of [plaintiff's] contract claim for money damages"); *see also Zorro Productions, Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023) ("The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief."); *Deckers Outdoor Corp.*, 2013 WL 12314399, at *2 ("[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief."). Plaintiff seeks accounting and disgorgement of profits as an equitable remedy. *See* Compl. (ECF 1, pp. 16-17). Thus, although eBay contends that any PI and asset freeze is inappropriate, at most the freeze should only apply to funds in the eBay Sellers' accounts that can be tied to the sales of allegedly infringing products.

When it can be shown that "particular assets [are] not the proceeds of counterfeiting activities," those assets should not be frozen. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 C 115, 2024 WL 2763735, at *1 (N.D. Ill. May 30, 2024) (alteration in original) (quoting *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015)). Upon such proof, those assets are exempt from an asset freeze. *See id.*; *see also Luxottica USA LLC v. The*

*Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015) (same); *Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 954 (N.D. Ill. 2019) (same); *H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., Ltd.*, No. 16-CV-10096, 2017 WL 6733685, at *6 (N.D. Ill. Dec. 18, 2017) (same). "Thus, 'if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more.'" *Roadget Bus. Pte. Ltd.*, 2024 WL 2763735, at *1 (quoting *Deckers Outdoor Corp.*, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013).

Therefore, if the Court continues the freeze of the eBay Sellers' accounts, the scope of such freeze should be modified to correspond to profits generated by the alleged infringement, which for some of the eBay Sellers was $0. *See* Lindsley Decl. ¶ 13.

### III. Joinder of All Defendants in this Action Is Improper

Under Federal Rule of Civil Procedure 20(a)(2), "defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them must be asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (2) there must be a 'question of law or fact common to all defendants.'" *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). Plaintiff has failed to satisfy its burden here. As one court in this District previously noted:

> time and again the courts of this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements. That makes sense: one defendant's alleged infringement does not "arise out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement. When defendants are not connected to one another, there is no evidentiary overlap in proving what one defendant did and what another did. Or, when viewed from the defense perspective, there is nothing that one defendant could advance in defending a case that would be dependent on an unrelated codefendant. So a blunderbuss theory of joinder would require

each trademark-infringement defendant to monitor the docket and the filings pertaining to dozens or hundreds of co-defendants. . .

That rationale applies just as well to copyright-infringement cases. *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (internal citations omitted).

In fact, Plaintiff does not even attempt to support its joinder of over 250 separate defendants in this action. Plaintiff's bare-bones allegations "on information and belief" (ECF 1, ¶¶ 26, 31) that defendants are acting in concert and communicate with one another "are conclusions—not facts" and are thus insufficient. *Id*.

Plaintiff's inadequacies are unfortunately not a unique problem in this District. As Judge Hunt recently noted in a Schedule A case where joinder was found to be inappropriate: "plaintiffs continue to routinely file these multi-defendant cases here using cookie-cutter complaints that allege in a conclusory manner that 'on information and belief' each infringing defendant is interconnected with the others." *Viking Arm AS v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *1 (N.D. Ill. June 6, 2024) (finding joinder of Schedule A defendants inappropriate). Here, Plaintiff's "information and belief" is demonstrably false: whereas Plaintiff alleges that each of the Defendants "reside in the People's Republic of China or other foreign jurisdictions. . ." (Doc. 1, ¶ 22), the data available to eBay (and since shared with Plaintiff) demonstrate that many of the accused defendants are based in the United States.[4] *See* Lindsley Decl. ¶ 14.

---

[4] The U.S. based eBay Sellers are: 040817a; 0verstock; bixlife; bju122901; calibrecoleccion; ecommsupply; escape2earth_5; felmit7; friendlyseller97; hollowpark; hypestore132; justrav2204; kaka-9588; lees_flipsandsteals; life_neccessories; mercados_dbn; modem-46; nelagarments; resale_team; sell_tek; skylinedrift89; stylzandkicks; superbseller2013; vender_mejores_productos; and zygsdiscountwarehouse. Many of these eBay Sellers have businesses registered with their respective secretaries of state—outside of Illinois.

13

The Court's analysis of whether joinder is appropriate in Schedule A cases "involves a case-by-case assessment of the facts and circumstances and balancing of the key factors underlying the joinder analysis—fundamental fairness to plaintiffs, judicial economy, and avoiding prejudice to defendants." *Viking Arm AS,* 2024 WL 2953105, at *1 (N.D. Ill. June 6, 2024). "Because most Schedule A defendants never appear in these cases to defend themselves, plaintiffs eventually obtain default judgments against an overwhelming majority of them. . . [b]ut that fact does not negate the Court's obligation to fully and fairly consider the claims raised by plaintiffs *and* ensure that the relief sought against *each* defendant is warranted in accordance with the rule of law." *Id*, at *3. Here, Plaintiff did not allege a single fact that warrants joinder.

To that end, "[w]here, as here, unrelated defendants are alleged to have infringed various copyrights, it is difficult to see how judicial economy would be promoted by litigating the cases together." *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 986 (N.D. Ill. 2024). Indeed, it "would prejudice [defendants] to litigate this case collectively, given that the infringement inquiry will vary for each asserted copyright, and that they may differ in their preferred scheduling timelines, defense strategies, or motion practice." *Id*. To be certain, "[j]oinder of alleged counterfeiters that lack any affiliation is hard to square with the 'fundamental fairness' that is central to the Rule 20(a) inquiry." *Zaful (Hong Kong) Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 24 CV 11111, 2025 WL 71797, at *6 (N.D. Ill. Jan. 10, 2025).

Because joinder is inappropriate here, the Court should modify the Preliminary Injunction as to the eBay Sellers.

## CONFERRAL WITH PLAINTIFF'S COUNSEL

Counsel for eBay conferred with counsel for Plaintiff via telephone and e-mail and Plaintiff opposes the relief sought.

WHEREFORE, non-party eBay Inc., respectfully requests that the Court enter an order releasing eBay and the eBay Sellers from the PI or, in the alternative, from the requirement that eBay freeze the assets of the eBay Sellers and for such other relief as the Court deems just.

Dated: July 31, 2025

*s/ William F. Farley*
William F. Farley, Esquire
Illinois Bar Number: 6305896
Primary Email: william.farley@hklaw.com
Secondary Email: angela.reese@hklaw.com
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza
Chicago, IL 60606
Telephone: 312-578-6698

*Counsel for eBay Inc.*