IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Collectanea J. Limited, | ) | |
| | ) | Case: 25-cv-04839 |
| Plaintiff, | ) | |
| | ) | Judge: Charles P. Kocoras |
| v. | ) | |
| | ) | Mag. Judge: Maria Valdez |
| The Partnerships And | ) | |
| Unincorporated Associations | ) | |
| Identified On Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S OPPOSED MOTION TO STAY BRIEFING ON D.E. 73**

Plaintiff Collectanea J. Limited ("Plaintiff" or "Collectanea"), without opposition from non-party eBay, Inc., seeks to extend the time for Plaintiff to file a response to non-party eBay, Inc.'s Motion for Relief From, or to Modify, the Preliminary Injunction (D.E. 73) by a period of fourteen (14) days, or through October 8, 2025. In support of its request, Plaintiff states as follows:

**Background and Procedural History**

1. On May 22, 2025, the Plaintiff filed an Amended Complaint alleging violations of 15 U.S.C. § 1114 (trademark infringement) and 17 U.S.C. § 501 (copyright infringement) against numerous Defendant storefronts, including Defendant storefronts utilizing the eBay, Inc. platform. (D.E. 7).

2. On May 28, 2025, Plaintiff filed its Motion for Temporary Restraining Order. (D.E. 14).

3.  On May 30, 2025, this Court entered a Sealed Temporary Restraining Order. (D.E. 17).

4.  On June 9, 2025, Plaintiff filed its Motion for Extension of Temporary Restraining Order. (D.E. 18).

5.  On June 9, 2025, this Court entered a Minute Order granting Plaintiff's Motion for Extension of Temporary Restraining Order. (D.E. 22).

6.  On June 18, 2025, Plaintiff filed its Motion for Preliminary Injunction. (D.E. 26).

7.  On June 27, 2025, this Court granted Plaintiff's Motion for Preliminary Injunction. (D.E. 40).

8.  On July 31, 2025, non-party eBay filed its Motion for Relief from, or to Modify, the Preliminary Injunction ("eBay's Motion" hereinafter). (D.E. 73).

9.  On August 28, 2025, this Court entered a Minute Order:

> Plaintiff's response to non-party eBay's Motion for Relief From, or to Modify, the Preliminary Injunction 73 is due by 9/24/2025. eBay's reply, if any, is due by 10/1/2025. The Court will rule by mail. In its response, Plaintiff should provide, to the extent it is able to obtain the information, the date the eBay listings expired for the Defendants identified in eBay's motion, as well as the dates and amounts of the most recent sales of the allegedly infringing products specific to those Defendants.

(D.E. 111).

10. On September 24, 2025, Plaintiff moved unopposed for an extension of time to respond to eBay's Motion the grounds that, first, Plaintiff was currently in resolution discussions with several of the Defendants subject to eBay's Motion and Plaintiff seeks to continue these resolution discussions before responding to eBay's Motion. Second, Plaintiff's active counsel in this case was then on annual leave to return September 30, 2025. Third, Plaintiff sought additional time to further confer with non-party eBay and resolve the issues raised in eBay's

Motion. (D.E. 112). The Court granted Plaintiff's request for extension of time on September 25, 2025, setting the extended response date for October 8, 2025 with eBay to reply by October 15, 2025. (D.E. 113).

11. On October 7, 2025, Plaintiff renewed its motion for default and default judgment, excluding the defendants subject to eBay's Motion. (D.E. 115).

12. On October 8, 2025, Attorney Lance Liu made an entry appearance for Defendant Nos. 61, 76, 95, 123 and 170, (hereinafter, "the Liu Defendants") the first four of whom are subject to eBay's Motion. (D.E. 116).

13. While Plaintiff believes that it may be able to quickly resolve its claims against the Liu Defendants, resolution is complicated by the fact that it has been contacted on behalf of these defendants by an individual who claims to operate each eBay storefront under an arrangement with the registrants of these storefronts that amounts to his having rented their identities. This individual has provided photo identification and other identifying documents to Plaintiff that are substantially consistent with the registrants of the eBay storefronts. However, the registrants of the storefronts, as identified by Plaintiff, have, to date, not contacted it.

**Prefiling Conference Certification**

14. The undersigned reached out to Nicole Rankin, counsel for eBay, Inc., on about October 6, 2025 and again on October 8, 2025 to inquire as to whether eBay might agree to stay its Motion. Plaintiff also raised issues as to the completeness of eBay's expedited discovery production and posed questions as to the information available to it as to the identities of the operators of the eBay stores. Plaintiff further suggested that eBay withdraw its motion as it pertains to the Liu Defendants as these defendants have appeared and are now represented by counsel.

15. On October 8, 2025, Ms. Rankin responded that eBay opposes Plaintiff's request for a stay. eBay also refuses to withdraw its motion as it pertains to the Liu Defendants.

**Argument**

16. Federal courts have the inherent power to stay proceedings to prevent the court or litigants from wasting time, effort, or resources. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When deciding whether to stay a case, "courts consider the merits of the moving party's case, whether the moving party will suffer irreparable harm without a stay, whether a stay will injure other parties interested in the proceeding, and the public interest." *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 428 (2009) and *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The standard calls for equitable balancing." *Id.* see *Quarles v. Pret A Manger (USA) Ltd.*, No. 1:20-cv-7179, 2021 WL 1614518, at *1 (N.D. Ill. Apr. 26, 2021) (Shah, J.).

17. Plaintiff respectfully submits that the Liu Defendants' circumstances demonstrate the challenges faced by intellectual property rights holders such as Plaintiff who are forced to bring Schedule A lawsuits to protect and defend those rights against pirating copycats such as Defendants, including those on behalf of which eBay now seeks to intervene. The allegations of Plaintiff's Complaint as to the methods utilized by Defendants to attempt to conceal their identities and the inner workings of their operations and the failure of third party service providers like eBay to verify the identity of those who do business on their ecommerce platforms are not merely rhetorical. (D.E. 1 at ¶ 8, 26, 28-30, 41, 44).

15. Based on the circumstances of the Liu Defendants, a stay is necessary to permit Plaintiff to further investigate the identities and location of defendants that eBay seeks to intervene on behalf of. A stay is also in the interest of judicial efficiency as it will permit the

Court to resolve Plaintiff's currently pending motion for default judgment, (D.E. 115) leaving only the eBay Defendants and thus simplifying and streamlining the case. Further, Plaintiff continues to attempt to resolve the issues raised by eBay in its motion in hopes of avoiding the expense of further briefing and the burden on the Court of processing the motion, including an evidentiary hearing. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002). ("An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction.").

16. Quite notably, as set out above and as shown by the docket in this case, eBay did not object to entry of the preliminary injunction after effectuating and providing expedited discovery in compliance with the TRO. (D.E. 17). Having, in effect, consented to entry of the preliminary injunction, (D.E. 40) eBay waited more than a month to file its Motion. (D.E. 73). Plaintiff respectfully submits that eBay cannot possibly make a plausible claim for prejudice in opposition to a stay under these circumstances.

17. The instant motion is not interposed for delay or harassment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That the Court stay briefing on eBay's Motion;

2) That Plaintiff and eBay be required to submit a joint status report three weeks after the entry of an order granting the instant motion to stay;

3) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 8th of October, 2025.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*