# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**COLLECTANEA J. LIMITED,**
**a Hong Kong Limited Corporation,**

Plaintiff,

~ *against* ~

**THE PARTNERSHIPS** *and*
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE "A",**

Defendants,

---

**MIRNIA TRADE INC.,**

Plaintiff-Intervenor,

~ against ~

**COLLECTANEA J. LIMITED,**
**FORD BANISTER LLC,**
**PAYPAL, INC.,**
**PAYONEER GLOBAL INC.,**
**JOHN DOES 1-10,**

Defendants.

**Case No.: 1:25-cv-04839**

**District Judge:**
Honorable Charles P. Kocoras

**Magistrate Judge:**
The Honorable Magistrate Judge Maria Valdez

**COMPLAINT IN INTERVENTION**
**WITH JURY DEMAND**

## COMPLAINT IN INTERVENTION

**MIRNIA TRADE INC.** by and through the Undersigned counsel, with

Leave of Court to file having been granted (ECF 142), respectfully submits this Complaint

in Intervention pursuant to Federal Rule of Civil Procedure 8, 24, and other appropriate rules and practices of this Court and for their Complaint in Intervention alleges as follows:

## I.  PARTIES

### a.  *Plaintiff Intervenor*

1.  Plaintiff-Intervenor **MIRNIA TRADE INC.** is a Business Corporation organized and existing under California law and whose principal place of business is at Irvine in the County of Orange in the State of California.

2.  Where appropriate in this Complaint, Mirnia Trade Inc., is referred to as "Plaintiff" or "Mirnia".

### b.  *Defendants*

3.  Upon information and belief, Defendant **COLLECTANEA J. LIMITED** is a Corporation organized and existing under Hong Kong law.

4.  Defendant **COLLECTANEA J. LIMITED** initiated the underlying lawsuit at issue in this case, alleging copyright infringement of "Beadnova Works" that consists of a portfolio of jewelry product photographs against hundreds of Defendants.

5.  Upon information and belief, Defendant **FORD BANISTER LLC** is a limited liability company organized and existing under New York law whose principal place of business is at the City, County and State of New York.

6.  Ford Banister LLC represented Collectanea J. Limited in filing the underlying lawsuit and upon information and belief, acted as the agent of Collectanea J.

Limited in wrongfully executing the relevant Temporary Restraining Order and Preliminary Injunction against the Plaintiff-Intervenor, who was not named as a Defendant in this case and was not subject to the Temporary Restraining Order and Preliminary Injunction.

7.     Upon information and belief, Defendant **PAYPAL, INC.**, is business corporation organized and existing under Delaware law, whose principal place of business is at San Jose in the County of Santa Clara in the State of California.

8.     Paypal, Inc., is a financial services company that provides payment processing services and maintains business payment accounts for merchants, including Mirnia Trade.

9.     PayPal, Inc., wrongly froze Mirnia Trade's accounts pursuant to the Temporary Restraining Order and the Preliminary Injunction Order, even though Mirnia Trade was not named as a Defendant in this case.

10.     Upon information and belief, **PAYONEER GLOBAL INC.**, is a business corporation organized and existing under Delaware law whose principal place of business is at the City, County and State of New York.

11.     Defendant Payoneer Global Inc. is a financial services company that provides payment processing services and maintains business payment accounts for merchants, including Mirnia Trade.

12.     Payoneer Global Inc. wrongly froze Mirnia Trade's accounts pursuant to the Temporary Restraining Order and the Preliminary Injunction Order, even though Mirnia Trade was not named as a Defendant in this case.

13.     **JOHN DOES 1-10** are individuals and entities involved in executing the Temporary Restraining Order and Preliminary Injunction against the Plaintiff-Intervenor and freezing Mirnia Trade's accounts.  The true identifies of JOHN DOES 1-10 are not known to Mirnia Trade, and upon the identification of such individuals, Mirnia Trade will amend this Complaint in Intervention, with leave of Court if required, to name those John Doe Defendants.

14.     The Defendants are referred to as Collectanea, Ford Banister, Paypl, Payoneer where appropriate.

## II.     JURISDICTION AND VENUE

### a.     *Subject Matter Jurisdiction*

15.     This Court has jurisdiction over Plaintiff-Intervenor's state law claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the underlying case that they form part of the same case or controversy.

### b.     *Personal Jurisdiction and Venue*

16.     Defendant Collectanea subjected itself to the jurisdiction of this Court because it initiated the underlying action in this Court.

17. This Court has personal jurisdiction over Defendant Ford Banister because they engaged in the activity that give rise to this Complaint in Intervention in Illinois and the claim arises out of their role as an agent of Collectanea in wrongly executing the Preliminary Injunction, which arose out of the underlying lawsuit in Illinois.

18. This Court has personal jurisdiction over PayPal and Payoneer because each of PayPal and Payoneer wrongly enforced the Temporary Restraining Order and Preliminary Injunction against the Plaintiff-Intervenor arising out of this case filed in Illinois.

19. To the extent that the Plaintiff-Intervenor is subject to an arbitration clause with PayPal and Payoneer, this action seeks only injunctive relief to preserve the Plaintiff-Inventor's rights pending the arbitration, and this matter is otherwise not subject to the arbitration clause with Paypal and Payoneer because it arises out of torts committed by third parties against the Plaintiff-Intervenor, and not out of Plaintiff-Intervenor's relationship with Paypal and Payoneer.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the facts and circumstances that give rise to this suit occurred in this district, including the underlying lawsuit filed by Collectanea and the wrongful enforcement of the Temporary Restraining Order and Preliminary Injunction.

### III.    FACTUAL BACKGROUND

*a.    The Underlying Case*

21.    On May 2, 2025, Collectanea filed a lawsuit under seal captioned *Collectanea J. Limited v. The Partnerships And Unincorporated Associations Identified On Schedule "A"*, Case No. 25-cv-4839 (N.D.Ill.) in this Court (ECF 1).

22.    The underlying lawsuit alleged infringement by hundreds of online sellers of certain "Beadnova Works", which were a portfolio of product photographs depicting beaded jewelry.

23.    Collectanea alleged that over 250 defendants identified on a sealed "Schedule A" sold products that bore infringing copies of the Beadnova Works.

24.    The defendants named in the underlying lawsuit included numerous eBay sellers, DHGate vendors, and various online sellers who were purportedly located in China and other foreign jurisdictions.

25.    On Plaintiff's Motion and under seal, this Honorable Court granted a Temporary Restraining Order on May 30, 2025 (ECF 17).

26.    On June 27, 2025, this Honorable Court issued a Preliminary Injunction (ECF 40).

27.    The Plaintiff-Intervenor, nor any online store operated or owned by Plaintiff-Intervenor was named in the "Schedule A".

28.     The Plaintiff-Intervenor, nor any online store operated or owned by Plaintiff-Intervenor was named in the Temporary Restraining Order or the Preliminary Injunction.

29.     The Temporary Restraining Order and the Preliminary Injunction ordered payment processors in receipt of the Orders to "locate all accounts and funds connected to Defendants' seller aliases" and "restrain and enjoin any such accounts or funds . . .", Preliminary Injunction at ¶ 5(a) and (b)(ECF 40).

**b.      *The Underlying Case***

30.     The underlying Complaint did not name Mirnia Trade.

31.     The Schedule A annexed to the underlying Complaint did not name Mirnia Trade.

32.     At no time did Plaintiff serve Mirnia Trade with any papers related to this case.

33.     At no time did Plaintiff serve Mirnia Trade with the Summons and Complaint.

34.     At no time did Plaintiff serve Mirnia Trade with the Temporary Restraining Order dated May 30, 2025.

35.     At no time did Plaintiff serve Mirnia Trade with the Preliminary Injunction dated June 27, 2025.

36.     At no time did Plaintiff afford Mirnia Trade with any opportunity to be apprised of or to contest the Temporary Restraining Order and the Preliminary Injunction before they were issued, before they were executed, or at any other time.

37.     Mirnia Trade first learned of this action when they were notified by PayPal and Payoneer that Mirnia Trade's business accounts were restrained, as described below.

## c.      *Mirnia Trade's Business Accounts were Wrongfully Restrained*

38.     On or about July 1, 2025, PayPal notified Mirnia Trade by e-mail that PayPal had restrained all funds in Mirnia Trade's business account pursuant to a Preliminary Injunction that had issued in this case.

39.     On or about September 14, 2025, Payoneer notified Mirnia Trade by e-mail that Payoneer had restrained all funds in Mirnia Trade's business account pursuant to a Preliminary Injunction that had issued in this case.

40.     On or about July 31, 2025, Mirnia Trade e-mailed Ford Banister at the e-mail provided by PayPal in their notice of the restraint (namely clerk@fordbanister.com) to protest against the wrongful restraint on Mirnia Trade's business account.

41.     Ford Banister did not respond to the July 31, 2025 e-mail.

42.     On or about August 18, 2025, at attorney that Mirnia Trade retained e-mailed Ford Banister at namely clerk@fordbanister.com to protest against the wrongful restraint on Mirnia Trade's business account.

43.     Ford Banister did not respond to the August 18, 2025 e-mail.

44.     At no time did Collectanea or its agents afford Mirnia Trade an opportunity to be heard or to explain to this Court or to the payment processors that it is not a defendant in this action and that its accounts had been wrongfully restrained.

### d.      Impact of the Wrongfully Imposed Restraint on Mirnia Trade's Business Accounts

45.     Mirnia Trade operated an e-commerce business since 2013 with a focus on spices and other drop shipping products.

46.     At no time did Mirnia Trade use any intellectual property belonging to Collectanea.

47.     Mirnia Trade does not operate on eBay, DHGate, or other platforms identified in Collectanea's Complaint as venues for the alleged infringement.

48.     In the past, Mirnia Trade operated stores on Walmart and Amazon, but does not do so now and did not do so at the time that the lawsuit was filed.

49.     At no time did Mirnia Trade sell or offer to sell any alleged accused product or otherwise engage infringe the Plaintiff's intellectual property in Illinois.

50.     Mirnia Trade's products bear no relation to the Beadnova Works and Mirnia Trade has never infringed any copyright or intellectual property rights of Collectanea.

51.     Mirnia Trade has never engaged in any conduct that would subject it to liability for copyright infringement or trademark infringement, and certainly not to any infringement of Collectanea's intellectual property.

52.     Mirnia Trade never operated under an alias, seller identification, or ecommerce store name associated with any defendant named in this action, nor any store identified on "Schedule A".

53.     Since the freeze of its business accounts, Mirnia Trade has suffered immediate and irreparable harm, including:

   a.     Complete inability to access business revenues;

   b.     Inability to fulfill existing customer orders;

   c.     Inability to process customer refunds;

   d.     Inability to pay employee salaries and benefits;

   e.     Inability to pay vendor invoices and service provider fees;

   f.     Inability to order inventory from suppliers;

   g.     Loss of customer relationships and goodwill;

   h.     Loss of market share and competitive position;

   i.     Destruction of business reputation;

   j.     Daily loss of revenue; *and*

   k.     Ongoing and continuing business destruction with damages accruing daily, much of which is irreparable.

54.     Mirnia Trade has been forced to:

   a.     Lay off employees;

   b.     Cancel orders from suppliers;

   c.     Cease all business operations;

d. Issue written apologies to customers unable to fulfill orders;

e. Face potential bankruptcy; *and*

f. Watch competitors capture Mirnia Trade's market share.

55. Each day that the accounts remain frozen causes additional, irreparable harm that cannot be compensated by monetary damages.

### e. There was no Justification to Freeze Mirnia Trade's Merchant Accounts

56. Collectanea has not and cannot provide evidence to the Court or to Mirnia Trade that Mirnia Trade engaged in copyright infringement or any other wrongful conduct.

57. Collectanea has not and cannot allege that Mirnia Trade sold, marketed, advertised, or distributed any products bearing the Beadnova Works.

58. Collectanea has not and cannot establish any nexus between Mirnia Trade's business operations and the alleged infringement described in its Complaint.

### g. Joinder was Improper in the Underlying Action

59. The underlying action joined over 250 unrelated defendants based solely on the Defendants' alleged infringement of the same portfolio of copyrights.

60. Courts in the Northern District of Illinois have repeatedly held that such joinder violates Federal Rule of Civil Procedure 20(a)(2) where there is no claim that

the alleged infringement arose from the same transaction or occurrence and that there is a common question of law or fact.

61.    The Joinder rule exists, among other reasons, to avoid through misjoinder an overly broad "fishing expedition" that would implicate non-parties who did engage in infringement.

62.    Defendants were on actual notice of the danger of misjoinder and mis-directed restraints when Non-party eBay Inc filed a motion challenging the improper joinder and the overbroad Preliminary Injunction in this case.  That Motion remains pending, but the issues identified in that Motion have actually come to fruition as Mirnia Trade has been wrongly restrained with no opportunity to be heard and no opportunity to challenge the Preliminary Injunction before it issued.

## IV.    CAUSES OF ACTION

### First Cause of Action
**(Abuse of Process under Illinois Law)**
**(Plaintiff-Intervenor against Collectanea and Ford Banister)**

63.    Plaintiff-Intervenor respectfully repeats and re-alleges all preceding paragraphs as if fully set forth herein.

64.    Collectanea acting by itself and through its agent Ford Banister LLC, brought this action with an ulterior motive to impose blanket asset freezes against numerous defendants and non-parties without a proper basis, and not in furtherance of a legitimate claim.

65.     Collectanea and Ford Banister obtained the Temporary Restraining Order and Preliminary Injunction by:

a.      Filing a Complaint that was conclusory and vague, relying on "Schedule A" without identifying defendants or Mirnia Trade;

b.      Alleging that over 250 unrelated defendants are acting in concert without providing any evidence of such coordination, which allegations enabled them to obtain an overbroad Preliminary Injunction that wrongly implicated Mirnia Trade;

c.      Seeking an overbroad asset freeze applicable to "other alias seller identification . . . presently or in the future", despite the known risk that such an overbroad freeze could potentially impact unrelated third parties who did not engage in infringement and have no connection to Illinois or to this lawsuit;

d.      Failing to disclose to the Court the weaknesses in its joinder and lack of evidence connecting defendants;

e.      Failing to disclose that the overbroad language would sweep in non-parties;

f.      Failing to disclose that payment processors would freeze accounts of innocent businesses not identified in the Complaint.

66.     The Preliminary Injunction as applied to Mirnia Trade constitutes an act in the use of legal process that was not proper in the regular prosecution of the proceedings.

67.     Mirnia Trade was not a party to the action, was not served with process, received no notice, and was not afforded an opportunity to be heard before its accounts were restrained.

68.     The legal process was perverted by Collectanea by seeking an overbroad asset freeze that could be applied to any business without fair notice or opportunity to defend.

69.     As a direct and proximate cause of this abuse of process, Mirnia Trade has suffered damages, both damages that are quantifiable as well as damages that are irreparable, that arise from the:

a.     Complete business shutdown;

b.     Loss of revenue;

c.     Loss of customer relationships and goodwill;

d.     Loss of market share and competitive position;

e.     Damage to business reputation;

f.     Forced layoffs of employees;

g.     Damage to vendor and supplier relationships; *and*

h.     Additional damages that continue to accrue daily.

70.     Upon information and belief, the damages suffered by Mirnia Trade are more than five hundred thousand dollars ($500,000.00) as of the filing of this Complaint in Intervention and such damages continue to increase daily.

71.     Mirnia Trade is also suffering from irreparable damages.

**Second Cause of Action**
**(Tortious Interference with Contractual Relations Under Illinois Law)**
**(Plaintiff-Intervenor against Collectanea and Ford Banister)**

72.     Plaintiff-Intervenor hereby repeats and re-alleges all preceding paragraphs as if fully set forth herein.

73.     Mirnia Trade had valid and existing contracts with:

    a.     PayPal to provide payment processing services;

    b.     Payoneer to provide payment processing services;

    c.     Its customers to sell and deliver products;

    d.     Its vendors and suppliers to purchase inventory; *and*

    e.     Its employees to provide labor services.

74.     Collectanea and Ford Banister knew or should have known of Mirnia Trade's contractual relationships, as evidenced by the fact that Mirnia Trade operates business payment accounts with PayPal and Payoneer that are subject to the Preliminary Injunction.

75.     Collectanea and Ford Banister intentionally and knowingly sought and obtained a Preliminary Injunction with overbroad and vague language designed to freeze all business accounts, including accounts of non-parties like Mirnia Trade.

76.     Collectanea and Ford Banister intentionally sought to have payment processors freeze Mirnia Trade's accounts despite Mirnia Trade not being named in the Complaint or Schedule A, and otherwise having no connection to the alleged infringement.

77.     As a direct and proximate result of Collectanea and Ford Barister's tortious interference, Mirnia Trade has:

    a.     Been unable to access its business revenues;

    b.     Been unable to fulfill existing customer contracts;

    c.     Been unable to pay vendor and supplier contracts;

    d.     Been unable to pay employee contracts;

    e.     Suffered loss of customers, vendors, and employees;

f.   Suffered destruction of customer relationships and contractual arrangements;

g.   Been forced into breach of multiple contracts;

h.   Suffered damages in an amount to be determined at trial, but as of the filing of this Complaint is upon information and belief more than $500,000.00.

78.   The damages continue to accrue daily and will continue to increase as long as the accounts remain restrained.

79.   Upon information and belief, the damages suffered by Mirnia Trade are more than five hundred thousand dollars ($500,000.00) as of the filing of this Complaint in Intervention and such damages continue to increase daily.

80.   Mirnia Trade is also suffering from irreparable damages.

## Third Cause of Action
### (Conversion and Request for Injunction to Reclaim Access to Merchant Accounts) (Plaintiff-Intervenor against All Defendants)

81.   Plaintiff-Intervenor hereby repeats and re-alleges all preceding paragraphs as if fully set forth herein.

82.   Mirnia Trade owns and has the right to possess and control the funds in its PayPal and Payoneer business accounts.

83.   Defendants PayPal Inc. and Payoneer Inc., acting pursuant to the Preliminary Injunction facilitated by Collectanea and Ford Banister, have wrongfully taken and converted Mirnia Trade's funds by freezing all access to those funds.

84. The conversion was wrongful because:

    a.     Mirnia Trade is not a named defendant in this action;

    b.     Mirnia Trade was not served with process;

    c.     Mirnia Trade received no notice of the Preliminary Injunction;

    d.     PayPal and Payoneer lacked legal authority to freeze accounts of parties not identified in the Preliminary Injunction;

    e.     The Preliminary Injunction language was so vague that it does not provide fair notice to PayPal and Payoneer regarding which accounts should be frozen; and

    f.     PayPal and Payoneer's actions constituted conversion of Mirnia Trade's property.

85. Defendants PayPal Inc. and Payoneer Inc., acting pursuant to the Preliminary Injunction, have wrongfully taken and converted Mirnia Trade's funds by restraining Mirnia Trade's access to those funds.

86. Mirnia Trade is entitled to the return of all frozen funds, plus interest, damages, and recovery of its business losses, as well as to a modification of the Preliminary Injunction to lift the restraint.

87. Upon service of this Complaint in Intervention on the relevant parties, Mirnia Trade will move to modify the injunction to lift the restraint.

## Fourth Cause of Action
### (Declaratory Judgment)
### (Plaintiff-Intervenor against All Defendants)

88.     Plaintiff-Intervenor hereby repeats and re-alleges all preceding paragraphs as if fully set forth herein.

89.     Mirnia Trade seeks a declaratory judgment that: Mirnia Trade is not a party to this action and is not bound by the Preliminary Injunction; Mirnia Trade's business accounts should not be restrained; Mirnia Trade has not infringed any copyright or trademark of Collectanea J. Limited; The Preliminary Injunction as applied to Mirnia Trade is null, void, and unenforceable; and PayPal and Payoneer have no legal authority to freeze Mirnia Trade's accounts.

90.     This is an actual controversy ripe for adjudication, as Mirnia Trade's accounts are currently frozen and Mirnia Trade faces ongoing deprivation of its property and business operations.

91.     A declaratory judgment is appropriate to clarify the respective rights of the parties and to prevent ongoing irreparable harm.

*[Remainder of Page Intentionally Left Blank]*

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor Mirnia Trade Inc respectfully requests that this Court:

A.     Enter a modified Preliminary Injunction and/or a new Temporary Restraining Order that immediately restores Mirnia Trade's access its PayPal and Payoneer merchant accounts;

B.     Enter a Preliminary and Permanent Injunction enjoining and restraining Defendants and all payment processors from further freezing or restricting Mirnia Trade's business accounts absent a specific court Order to do so;

C.     Vacate the Preliminary Injunction Order dated June 27, 2025 (Doc. 40) as it applies to Mirnia Trade, or in the alternative, Modify the Preliminary Injunction to explicitly exclude Mirnia Trade and to immediately restore account access;

D.     Award Mirnia Trade judgment on Count I (Abuse of Process) in an amount to be established at trial, but in no event less than five hundred thousand dollars ($500,000.00);

E.     Award Mirnia Trade judgment on Count I (Tortious Interference) in an amount to be established at trial, but in no event less than five hundred thousand dollars ($500,000.00);

F.    Award Mirnia Trade its reasonable attorneys' fees and costs incurred in this action pursuant to applicable law and the Court's equitable powers;

G.    Award Mirnia Trade pre-judgment and post-judgment interest on all judgments at the maximum rate permitted by law; *and*

H.    Award such other and further relief as the Court deems just and proper under the circumstances.

**INTERVENOR-PLAINTIFF RESPECTFULLY DEMANDS
A JURY TRIAL FOR ALL TRIABLE ISSUES**


**Dated:  November 13, 2025**


RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

## CERTIFICATE OF SERVICE

   I hereby certify that on November 13, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to all Counsel of Record who have appeared in this matter.