# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| COLLECTANEA J. LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25 C 4839 |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A,", | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is nonparty eBay Inc.'s ("eBay") Motion for Relief From, or to Modify, the Preliminary Injunction [73]. For the reasons set forth below, the motion is granted.

## BACKGROUND

On May 22, 2025, Plaintiff Collectanea J. Limited ("Collectanea"), a Hong Kong corporation, filed its Amended Complaint against the partnerships and unincorporated associations identified in the Amended Schedule A, asserting claims for trademark infringement and counterfeiting under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125, and copyright infringement under 17 U.S.C. § 101 et seq. The Amended Schedule A identifies 252 defendant-seller accounts operating across Amazon, Bonanza, DHGate, eBay, Newegg, and Walmart. Collectanea alleges on

information and belief that the defendants reside in the People's Republic of China or other foreign jurisdictions, and that they act in concert to conceal their identities and the scope of their operations.

On May 28, 2025, Collectanea filed motions for expedited third-party discovery, alternate service, and a temporary restraining order ("TRO"). On May 30, 2025, the Court granted the motions and entered a TRO, which included a temporary asset restraint and provisions requiring third-party platforms and payment processors to freeze the defendants' funds and provide expedited discovery. On June 9, 2025, the Court granted Collectanea's motion to extend the TRO.

On June 3, 2025, Collectanea served notice of the TRO on eBay. On June 11, 2025, eBay notified Collectanea that it had implemented the asset restraint. On June 18, 2025, Collectanea filed its motion for a preliminary injunction. On June 27, 2025, the Court granted the motion and entered the Preliminary Injunction ("PI"). The PI continued the relief previously granted under the TRO, enjoining the defendants from using Collectanea's Beadnova trademark and copyrights, freezing the defendants' financial accounts, and requiring third-party providers—including eBay—to locate and restrain the defendants' accounts and funds within seven days of receipt of notice. Paragraph 8 of the PI provides that any defendant subject to the order may move to dissolve or modify it, and that any third party impacted by the order may move for appropriate relief. Collectanea served the PI on eBay on June 27, 2025.

Of the 252 defendants identified on the Amended Schedule A, 167 operate on eBay's platform. On July 31, 2025, eBay filed the instant motion pursuant to Paragraph 8 of the PI, seeking relief as to 50 of the 167 defendants that operate on eBay's platform ("eBay Sellers"). It also submitted the Declaration of Nancy Lindsley[1] ("Lindsley Declaration") in support, setting forth data regarding the eBay Sellers' listing histories, sales records, and account locations. According to the Lindsley Declaration, more than half of the 50 eBay Sellers never sold an accused product; 21 had the accused listings end in 2022, 25 in 2023, and 4 in 2024; none of the accused listings remain active; and 25 of the 50 eBay Sellers are registered as United States-based accounts verified through eBay's Know Your Customer ("KYC") process. Collectively, the 50 eBay Sellers have created approximately 2,750,924 listings on eBay marketplaces.

## **LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc*. 555 U.S. 7, 9 (2008). Courts in this district consider the same factors for dissolving a preliminary injunction as those applied when granting or denying one in the first place. *See, e.g.*, *Antsy Labs, LLC v. Individuals Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2022 WL 17176498, at *1–2 (N.D. Ill. 2022). Those factors require

---

[1] Nancy Lindsley is employed with eBay as a paralegal.

the party seeking the preliminary injunction to show that "it is likely to succeed on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm in the absence of an injunction." *DM Trans, LLC v. Scott*, 38 F.4th 608, 617 (7th Cir. 2022) (citation omitted). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023). eBay only challenges the latter. If that showing is made, the court then "balances the harms to the moving party, other parties, and the public." *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 381 (7th Cir. 2018) (citation omitted).

When a preliminary injunction is issued *ex parte* under circumstances resembling a temporary restraining order, the party who obtained the injunction bears the burden of proving that it should remain in place. *See Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 4604532, at *6 (N.D. Ill. 2024). Collectanea bears this burden under the circumstances in this case.

## DISCUSSION

Nonparty eBay raises four main arguments in support of its motion. First, eBay contends that it has standing as a nonparty subject to the PI's affirmative obligations to challenge the injunction. Second, eBay argues that Collectanea failed to demonstrate irreparable harm regarding the eBay Sellers because the PI was entered without an individualized analysis. Third, eBay argues that the blanket asset freeze is disproportionate because it captures all funds in the sellers' accounts regardless of any

4

connection to the alleged infringement. Fourth, eBay challenges the propriety of joinder under Federal Rule of Civil Procedure 20.

Collectanea primarily opposes the motion on seven grounds. First, Collectanea argues that eBay's motion is untimely because eBay had notice of the asset restraint as of June 3, 2025, voluntarily implemented it on June 11, 2025, and then waited nearly two months to file its challenge. Second, Collectanea contends that the motion is moot because any harm eBay claims has already occurred during the months the restraint has been in place, and eBay's consent to two extensions of Collectanea's response deadline further undermines any claim of urgency. Third, Collectanea maintains that the Court already found irreparable harm established when it granted the PI. Fourth, Collectanea invokes the voluntary cessation doctrine, arguing that the eBay Sellers' cessation of infringing listings does not moot the need for injunctive relief. Fifth, Collectanea challenges the reliability of eBay's seller-location data, arguing that online infringers regularly use false names and addresses when registering on e-commerce platforms. Sixth, Collectanea contends that eBay lacks standing to raise any arguments on behalf of the eBay Sellers, including challenges to the asset freeze and joinder. Finally, Collectanea argues that joinder is proper.

## I. Standing

As a threshold matter, the Court must address whether eBay, as a nonparty, has standing to bring the present motion. The Court concludes that it does. Nonparties generally have limited ability to participate in a lawsuit. *United States, ex rel. Polansky*

*v. Exec. Health Res., Inc.*, 599 U.S. 419, 430 (2023). A nonparty cannot insert itself into a case to argue on behalf of other parties when the nonparty's own rights are not directly affected. *In re Bergeron*, 636 F.3d 882, 883 (7th Cir. 2011). This is because intervention under Rule 24 is typically "the proper mechanism for nonparties to protect interests that may be adversely affected by a trial court's judgment." *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998) (citing *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998)). An indirect interest is insufficient to grant a nonparty the rights of a named party without formal intervention. *Bergeron*, 636 F.3d at 883.

However, the Seventh Circuit has made clear that nonparties bound by an injunction must be afforded an opportunity to challenge it. *See Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Comm'n.*, 511 F.3d 762, 767 (7th Cir. 2007) (citing Fed. R. Civ. P. 65(d)(2)(B), (C))); *see also United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) ("non-parties who are bound by a court's equitable decrees have a right to move to have the order dissolved").

The PI imposes affirmative duties on eBay, specifically requiring it to freeze all funds in the eBay Sellers' accounts. And eBay has not previously had an opportunity to be heard on its Court-ordered obligations. Accordingly, eBay has standing to contest the PI insofar as it imposes duties on eBay. *See Guizhou Xianozhi Sheep Trading Co. v. P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 5457388, at *4 (N.D. Ill. 2024).

6

Nonparty eBay's standing extends only to challenging those portions of the PI that directly affect its own interests. To the extent a joinder objection could be raised, that argument is properly asserted by the named defendants—whose rights are directly implicated—rather than by a nonparty on behalf of the defendants. *See*, *e.g.*, *Bergeron*, 636 F.3d at 883. The Court therefore concludes that eBay lacks standing to raise joinder arguments on behalf of the named defendants. Nevertheless, a federal court is empowered to raise the propriety of joinder on its own initiative, and the Court exercises that authority here. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should have questioned joinder on its own in a multi-defendant case); *Estée Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) ("*sua sponte* evaluation" of joinder is "appropriate for federal courts to raise" when the number of defendants waves a "joinder red flag"); *Zaful (Hong Kong) Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2025 WL 71797, at *3 (N.D. Ill. 2025) ("[s]ua sponte* review of the propriety of joinder in Schedule A cases is a regular practice in this district" (internal quotation omitted). The Court turns to that issue next.

## II. Joinder

Under Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in a single action only if two conditions are met: (1) the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ.

P. 20(a)(2). Claims against different defendants satisfy the transaction-or-occurrence requirement only when there is a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"—that is, "shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Courts in this district have held "time and again" that alleging multiple defendants infringed the same trademark or copyright is not enough to meet this standard. *Estée Lauder*, 334 F.R.D. at 187. Conclusory or speculative allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Collectanea's operative complaint does not satisfy this standard. Collectanea's joinder allegations rest on the following assertions: that the defendants share "design elements and similarities of the infringing products," that their operations suggest a "logical relationship" arising from the "same transaction, occurrence, or series of transactions or occurrences," that they use similar search engine optimization tactics, payment methods, and store templates, and that they are, "on information and belief," interrelated and acting in concert to conceal their identities. Dkt. # 7, at ¶¶ 12, 33–44. These are the kinds of conclusory, boilerplate allegations that courts in this district have consistently rejected as a basis for joinder. *Viking Arm AS v. P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 2953105, at *1 (N.D. Ill. 2024) (noting that "plaintiffs continue to routinely file these multi-defendant cases here using cookie-cutter complaints that allege in a conclusory manner that 'on information

and belief' each infringing defendant is interconnected with the others"); *Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 802 (N.D. Ill. 2024) (courts "are not required to accept conclusory or speculative statements" in support of joinder).

The complaint points to shared design elements, common evasion tactics, similar pricing, and the use of similar store templates. But these characteristics are inherent to the act of online counterfeiting itself—they reflect that counterfeiters copy their victim (and sometimes each other), not that any particular group of defendants coordinated with one another. *Estée Lauder*, 334 F.R.D. at 188 ("Considering that the Defendants are copying the [plaintiff's] products, it is not a surprise that the counterfeited end-results—along with their images and descriptions—would be similar."). Collectanea's allegation that defendants participate in WeChat and QQ chat rooms regarding "tactics for operating multiple accounts" and "pending litigation" is presented only upon "information and belief," Dkt. # 7, at ¶ 41, without a single fact specific to any named defendant. Such allegations are insufficient to plausibly establish a coordinated enterprise among 252 defendants. *See Zaful*, 2025 WL 71797, at *4–5 (rejecting each claimed indicum of coordination—shared platform, geographic proximity, similar evasion tactics, and use of the same images—as insufficient to establish a "coordinated attack" among unrelated defendants).

The record further undermines any inference of coordination. The Lindsley Declaration establishes that the fifty eBay Sellers at issue are dissimilar in their activity:

9

more than half never sold an accused product; the accused listings span multiple years and different product categories; and twenty-five of the fifty sellers are registered and verified as U.S.-based businesses through eBay's KYC process. Far from establishing a unified infringing enterprise, the record reveals a collection of unrelated sellers who independently listed products that happened to include an infringing image—often only once, years ago. This is precisely the scenario courts in this district have repeatedly held does not satisfy Rule 20(a)(2). *See Bailie*, 734 F. Supp. 3d at 804–05 (finding joinder proper only where plaintiff produced evidence that purchases from four defendants were charged to the same account; finding joinder improper as to all other defendants despite identical infringing images); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2024 WL 1858592, at *6 (N.D. Ill. 2024) ("[A]lleging that multiple defendants have infringed on the same copyright in the same way does not create the substantial evidentiary overlap required to find a similar transaction or occurrence.").

Collectanea's judicial economy argument fares no better. This case names over 250 defendants. The Lindsley Declaration reveals that some eBay Sellers have zero accused sales, yet their accounts remain frozen along with hundreds of co-defendants who may have entirely different defenses and damages profiles. "[J]oinder of alleged counterfeiters that lack any affiliation is hard to square with the 'fundamental fairness' that is central to the Rule 20(a) inquiry." *Zaful*, 2025 WL 71797, at *6 (internal quotation omitted). Collectanea is therefore ordered to file an amended Schedule A and

10

complaint, limited to defendants as to whom it can plead specific facts plausibly establishing a transactional link by April 30, 2026. Any amended complaint must be accompanied by a memorandum explaining specifically why each defendant is properly joined to all of the others.

### III.    The Preliminary Injunction

Having found that the joinder of defendants in this action is improper, the Court must address the consequences for the PI currently in place. Preliminary injunctions are, by their nature, subject to modification at any time. *See Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) ("[P]reliminary injunctions by their nature are not set in stone. If circumstances change, the parties are always free to return to the district court to ask for changes."). To obtain a preliminary injunction, a plaintiff must demonstrate, among other things, that it will suffer irreparable harm absent the requested relief and that it has no adequate remedy at law. *See Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). Irreparable harm is a threshold requirement. *Id*. Although the Court granted the PI, it did so without the benefit of adversarial briefing. In such circumstances, the plaintiff bears the burden of persuading the Court that the injunction should not be modified or dissolved. *See Collectanea*, 2024 WL 4604532, at *6.

Collectanea has not carried that burden. The record before the Court, now supplemented by the Lindsley Declaration, reveals the following: more than half of the eBay Sellers at issue never sold an accused product; the vast majority of the accused

listings ended in 2022 or 2023; none of the accused listings remain active; and Collectanea's own evidence of the accused listings was captured in 2022 and 2023. These facts are difficult to reconcile with a finding of imminent, irreparable harm.

Collectanea's delay in asserting its rights further undermines its position. It is well established that delay in seeking preliminary relief "may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 903 (7th Cir. 2001); *see also Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial."). Here, Collectanea was aware of the accused listings years before filing suit in May 2025, and Collectanea does not explain why the eBay Sellers were not included in its two prior lawsuits involving the same trademark and copyrights. In a prior case in this district, Collectanea had a preliminary injunction dissolved when the delay was eleven months. *See Collectanea*, 2024 WL 4604532, at *8. The delay here is substantially longer, and Collectanea's Response does not meaningfully address this point.

A preliminary injunction entered against improperly joined defendants cannot stand in its current form. The injunction, as issued, operates against all defendants collectively—including freezing the accounts of every named eBay Seller, regardless of whether they have any demonstrated connection to one another or to the core infringement alleged. Where joinder is improper, the underlying case must be

restructured before the Court can make a rational, defendant-specific assessment of whether the requirements for preliminary injunctive relief are satisfied as to any particular defendant or coherent group of defendants. To maintain a sweeping, collective asset freeze across hundreds of defendants while the case is restructured would be to perpetuate the very harm that the misjoinder finding is designed to remedy. *See Zaful*, 2025 WL 71797, at 6 (denying TRO without prejudice upon finding joinder improper); *Estée Lauder*, 334 F.R.D. at 190 (reserving decision on TRO pending plaintiff's amended complaint).

Accordingly, the PI is hereby dissolved as to all defendants. This dissolution is without prejudice to Collectanea's right to seek preliminary injunctive relief against any properly joined subset of defendants in an amended complaint. To the extent Plaintiff believes that injunctive relief is necessary to preserve the status quo as to any specific defendant pending the filing of an amended complaint, Collectanea may move for a narrowly tailored preliminary injunction directed at that defendant, supported by a showing that satisfies the requirements of Rule 65 and is specific to that defendant's conduct. Any such motion must address, with particularity, the recency of the alleged infringing activity and the risk of irreparable harm.

## CONCLUSION

For the foregoing reasons, eBay's motion [73] is granted. The PI [40] is dissolved. Plaintiff is ordered to file an amended complaint, amended Schedule A, and accompanying joinder memorandum by April 30, 2026. Plaintiff's motions for

13

contempt [181] and [182] arising out of eBay's alleged noncompliance of the PI are denied as moot, as the PI has now been dissolved. Plaintiff's motions for default judgment [131] and [162] are denied without prejudice.

It is so ordered.

Dated: March 31, 2026

Charles P. Kocoras
United States District Judge